MANDATE

21-241-cr
United States v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          WILLIAM J. NARDINI,
                *Circuit Judges.*

---

United States of America,

    *Appellee*,

v.                                   21-241-cr

Calvin Johnson, AKA Cal,

    *Defendant-Appellant.*

---

For Appellee:                    Thomas R. Sutcliffe, Steven D. Clymer, Michael D. Gadarian, Assistant United States Attorneys of Counsel, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:     Calvin Johnson, pro se, White Deer, PA.

On appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *C.J.*).

MANDATE ISSUED ON 02/15/2022

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on January 25, 2021, is **AFFIRMED**.

Calvin Johnson, pro se, appeals from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Johnson stands convicted, based on his guilty plea, of conspiring to traffic in drugs, *see* 21 U.S.C. §§ 846 & 841(b)(1)(A), and being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). At the time of his § 3582(c)(1)(A) motion, Johnson had served approximately six years of an aggregate 420-month sentence of imprisonment (composed of concurrent terms of 420 months on the drug count, and 120 months on the gun count). After the Bureau of Prisons denied Johnson's request for compassionate release, which was based on medical conditions, including obesity and hypertension, that placed him at heightened risk during the COVID-19 pandemic, he filed a motion in the district court in which he reiterated his health-based claims presented to the Bureau and added a new argument: that the passage of Section 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, six months after he was sentenced, was an extraordinary and compelling reason supporting his release. He argued that, under the new law, had he been sentenced later, he would not have been subject to the recidivist enhancement of 21 U.S.C. § 841(b)(1), and so the mandatory minimum sentence for his drug offense would have been 180 months rather than 240 months. The Government opposed, arguing, among other things, that Johnson failed to exhaust this new argument, which, in any case, is meritless. Assuming without deciding that Johnson had administratively exhausted the argument, the district court denied Johnson's § 3582(c)(1)(A) relief, reasoning that (1) his health-related arguments constituted extraordinary and compelling reasons justifying a sentence reduction; (2) passage of the First Step Act is not an extraordinary and compelling reason under § 3582(c)(1)(A); and (3) the 18 U.S.C. § 3553(a) factors supported the court's discretionary denial of Johnson's motion. Johnson timely appealed. We assume the reader's familiarity with the record.

"[The Court] typically review[s] the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

On appeal, Johnson argues that the district court erred when it found that the passage of the First Step Act six months after he was convicted could not be an extraordinary and compelling reason justifying a reduction of his sentence. We need not, however, reach the merits of that claim—an issue that has divided federal courts of appeals, *compare, e.g.*, *United States v. McGee*, 992 F.3d 1035, 1045–48 (10th Cir. 2021) (concluding sentencing disparity caused by First Step Act can constitute extraordinary and compelling reason), *and United States v. McCoy*, 981 F.3d 271, 285–87 (4th Cir. 2020) (same), *with, e.g.*, *United States v. Andrews*, 12 F.4th 255, 261–62 (3d Cir. 2021) (rejecting First Step Act disparities as extraordinary and compelling reason because Congress chose not to give Act retroactive effect), *and United States v. Thacker*, 4 F.4th 569, 571, 575–76 (7th Cir. 2021) (same). Nor need we reach the Government's exhaustion challenge to it. That is because the record provides the Court with an independent basis upon which to affirm, specifically, the district court's analysis of § 3553(a) factors.

In *United States v. Keitt*, this Court recently held that "there are three requirements that must be satisfied before a court can grant [sentencing] relief" on a motion brought under § 3582(c)(1)(A): (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified." No. 21-13-CR, 2021 WL 6058144, at *2 (2d Cir. Dec. 22, 2021) (internal quotation marks and alterations omitted). Because all three are mandatory, a district court may therefore deny a motion for sentence reduction if a defendant fails to satisfy any one of them. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."). Indeed, because a § 3553(a) assessment favorable to the defendant is a necessary and independent requirement for a sentence reduction, a district court may deny relief in the absence of such a favorable assessment even without conclusively deciding that a defendant has proffered extraordinary and compelling reasons for relief. *See United States v. Keitt*, 2021 WL 6058144, at *1–2.

Here, the district court did not abuse its discretion in denying Johnson's motion for a sentence reduction based on the § 3553(a) factors alone. In particular, the district court held that sentencing relief was not warranted in light of his "extensive criminal history" and the severity of the offense, including the "lengthy and large-scale nature of th[e] conspiracy" and the use of a firearm to further its goals. App'x at 175; *see* 18 U.S.C. § 3553(a)(1) & (2). Moreover, the district court determined that reducing Johnson's 35-year sentence to six years would lead to significant, unwarranted disparities with other sentences for the same conduct because, even after passage of the First Step Act, the shortest possible mandatory minimum sentence for Johnson's drug-related offense is ten years, with Johnson facing a Sentencing Guidelines range of 210 to 260 months' imprisonment. *See* App'x at 175–76; *see also* 18 U.S.C. § 3553(a)(6). These were proper considerations under § 3553, and we find no abuse of discretion in the district court's analysis.

The Court has considered Johnson's remaining arguments and finds them to be without merit. Accordingly, we **AFFIRM** the January 25, 2021, order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit